[No. 19115. Department One. July 8, 1925.]

JOSEPH A. PATNUDE, *Respondent,* v. J. A. PETTIFER et al., *Appellants.*[1]

APPEAL (451)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE —TRIAL BY COURT. Error in the admission of evidence in a case tried to the court is harmless, since such evidence will be disregarded.

DAMAGES (35) — LIQUIDATED DAMAGES — BUILDING CONTRACTS— BREACH—DELAY IN PERFORMANCE—WAIVER. Liquidated damages (or a penalty), for failure to complete a subcontract for plastering a schoolhouse within a specified time, are waived by the contractor, where the building was not ready for the plastering within time to allow performance of the subcontract on time, the contractor, who was the only one authorized to obtain an extension of time provided for in the contract, failed to arrange it after he knew it was necessary, and gave notice to the subcontractor that he would be held for liquidated damages, if the same was claimed by the school district, which made no claim therefor.

[1]Reported in 237 Pac. 289.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered February 21, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Troy & Yantis,* for appellants.

*Vance & Christensen,* for respondent.

Tolman, C. J.—Appellant J. A. Pettifer, hereinafter referred to as though he were the sole defendant and appellant, was the general contractor for the erection of the Roosevelt School Building in District No. 1 of Thurston county. On September 22, 1922, while the work of erecting that building was progressing, the appellant entered into a written contract with the respondent by the terms of which respondent undertook as subcontractor to do all of the plaster work, both inside and outside, which was specified for the building, for the agreed price of $1,787, to be paid seventy-five per cent as the work progressed, and twenty-five per cent after the work was completed and all lienable claims paid. The contract provided that the inside work should be completed on or before the 20th day of October, 1922, and the outside work be completed on or before the 1st day of November, 1922. In the contract were embodied the following conditions:

"A penalty attaches to the failure of second party to complete said inside work before said date, Oct. 20, 1922, in the sum of $15.00 per day, for each day's delay on and after said Oct. 20, 1922, if said inside work is not fully completed, including removing of all scaffolding and cleaning up of all floors thereafter; a further penalty attaches to the failure of second party to complete all outside work on said building on like terms as above, by said date, November 1, 1922.

"In the event second party shall obtain an order from the school board of said District, allowing an extension of time within which to complete any of said

work, and the same shall be presented to first party, it shall be allowed accordingly, by first party, extending same after said dates.''

Respondent brought this action to recover $830.75, being the contract price, plus certain extras, less the value of a small amount of material furnished by the appellant, and less the sum of $1,000 paid during the progress of the work. The case was tried to the court, sitting without a jury, who made findings of fact and conclusions of law favorable to the respondent, and thereafter entered judgment against the defendants for the full amount claimed; and from this judgment the present appeal is prosecuted.

Of the thirteen assignments of error, nine have reference to the admission of testimony, and the others, in the main, question the facts found by the trial court.

We have carefully read the record and are amply satisfied that the competent evidence sustains the findings that the respondent has fully performed his contract as promptly and expeditiously as the conditions under which the work had to be performed would permit, and that the extra work was performed, that it was extra work and of the value claimed.

It is therefore unnecessary to discuss these assignments of error seriatim, as, the case being tried to the court, any evidence which may have been improperly admitted was no doubt disregarded by the trial court, as it has been disregarded here, without changing the results.

The only question which it seems necessary to discuss arises in connection with those paragraphs of the contract which have already been quoted with reference to penalty or liquidated damages and the extension of time within which to complete the work.

Appellant argues that the words in the contract, ''A penalty attaches'' and ''a further penalty attaches,''

should be construed to mean that the sum of $15 per day, specified as such penalty, is, in fact and in law, liquidated damages only. Assuming, without deciding, that the facts of this case are sufficient to justify such a construction, still we think that avails the appellant nothing. Appellant, as a witness on his own behalf, admitted that the building was not ready for the plastering, either inside or out, when the contract was made (a fact which was then unknown to respondent), and did not become ready for the plasterer before about October 7 following the execution of the contract, and admits that the respondent could not have finished his work within the time that was thus available to him under the contract. The respondent claims, and the evidence seems to fairly establish, that the building was not ready for the plasterer as early as October 7; that not until October 17 was he able to begin work at all, and even then the steam fitter had not proceeded far enough with his "roughing-in" work to permit the plasterer's work to be pushed with a full force; that certain carpentering work was not yet done; and that, while he did start work on October 17, he had only one man employed for several days, because the work of the heating contractor, the electrician and the carpenters had not so far progressed as to permit him to put more men on the job.

It appears that the respondent, about the time he began work, went to the superintendent of schools, who had general charge for the school district, asking for an extension of time in which to complete his contract, evidently in an attempt to comply with that portion of the contract which has been quoted relating to an extension of time by the school board of the district. He then had but a matter of three or four days to complete the inside work, which of course was an utter

impossibility, which the superintendent recognized. But, as there was no contract between the district and the respondent, and respondent's contract was with the general contractor only, the superintendent rightfully took the position that the district had nothing to do with the subcontractor, would not consider his request and had no authority to grant him an extension of time. Manifestly, even from the appellant's point of view, the respondent was entitled to some extension. The provision in the contract with reference to an extension by the school district must have been put there for some purpose, and the appellant, being the general contractor and having full knowledge of the situation, could not absolve himself from all responsibility by simply asserting, as he does here, that the heating contract was a separate contract and that he had no control over the heating contractor. It seems to be assumed by the appellant that the trial court's finding that appellant waived liquidated damages is based upon a letter written by appellant to respondent in November, 1922, of which the following is a part:

"I have been notified by the architect that all of the work must be completed without further delay or the point of Liquidated Damages will have to be enforced, and if the school board holds me for any such damages I shall have to apply the same to you on account of delay."

Perhaps this letter alone lacks something of showing a waiver, but when it is considered in connection with all of the other facts bearing upon the question, and construed in the light of the provisions of the written contract, it does have an important bearing on the question of waiver. The letter was written by appellant, knowing full well the terms of the contract, knowing that by his own act he had delayed the respondent at least two weeks in commencing his work,

with, of course, the possibility that the delay was considerably greater, and that even after respondent commenced the work he was still delayed by the surrounding conditions over which he had no control. Appellant also knew, or should have known, what all of those conditions were; knew, or should have known, that respondent had no contract with the district and had no right to appeal to it for an extension; knew, or should have known, that the district only could control the heating contractor, if in fact he was an independent contractor, or grant an extension because of his delays; and under all these conditions and in all fairness, and in order to comply with the spirit of his contract with the respondent, the appellant should have exerted himself to see, either that the independent contractors did not delay his subcontractor, or if they did so delay him, that the school district should recognize that fact and grant an extension which would accrue to the benefit of the subcontractor. At any rate, having recognized by his contract the possibility that an extension would be necessary, and having admitted that an extension was necessary, he cannot charge to his subcontractor responsibility for the acts of independent contractors over whom he claims he had no control.

Appellant seems to argue that, because the appellant had no control over the heating contractor, therefore the respondent cannot excuse himself for any delay in his work caused by the acts of such independent contractor. The authorities which are cited to sustain this proposition are, we think, entirely without application to the facts here shown; nor do we know of any recognized authority which would support that position. It fully appears from the record in the case that the school district did not, by reason of this or any other delay, claim a penalty or liquidated damages as against the general contractor. It is asserted that the

failure of the district to make such claim was due to delays in furnishing material upon its own part; but, whatever the reason, the fact that the general contractor was not called upon to pay liquidated damages for delay is of some weight, and that fact, taken in connection with the terms of the contract between the parties to this litigation which we have been discussing, and the conditions which caused the delay, leads us to the conclusion that, whether it be considered that the contract provides for a penalty or only for liquidated damages, it would be unjust and inequitable to enforce such claim here. All of these conditions, taken together, fully uphold the finding of the trial court that appellant waived liquidated damages.

We conclude that the trial court committed no reversible error, that its judgment was right and the judgment is affirmed.

BRIDGES, MAIN, PARKER, and ASKREN, JJ., concur.